Filed 7/10/15  P. v. Coffman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESSE JAMES COFFMAN,<br><br>Defendant and Appellant. | C078336<br><br>(Super. Ct. No. 13F7296) |

Following his pleas of guilty to possession of a controlled substance and possession of a controlled substance for sale, and his admission of various enhancement allegations, the trial court sentenced defendant Jesse James Coffman to seven years in prison. Defendant's appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment. We provide the following brief

1

description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

In October 2013, officers went to an apartment to serve a search warrant and saw defendant leaving. One of the officers searched defendant and found 7.6 grams of methamphetamine in his pocket. Defendant told officers he was an addict and admitted the methamphetamine belonged to him (case No. 13F7296).

Approximately five months later, defendant was a passenger in a car stopped by Redding police officers. He was fidgeting and appeared to be trying to conceal something. A records check revealed defendant had outstanding warrants for his arrest. Upon exiting the vehicle, defendant told the officers he had methamphetamine in his pocket. A search revealed a baggie containing 0.8 grams of methamphetamine (case No. 14F1314).

In case No. 14F1314,[1] defendant pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), admitted a prior conviction for assault with a deadly weapon as an enhancement (Pen. Code, § 1170.12),[2] and admitted he had committed the current offense while released on bail (§ 12022.1). In case No. 13F7296, defendant pleaded guilty to possession of a controlled substance for sale (Health & Saf. Code, § 11378), and admitted the enhancement allegations that he had a prior conviction for assault with a deadly weapon (§ 1170.12), and had served a prior prison term (§ 667.5, subd. (b)). The parties agreed the maximum sentence the trial court could impose in both cases was 10 years four months.

---

[1] Although the cases were resolved together, the notice of appeal is only as to case No. 13F7296. Accordingly, some of the documents for case No. 14F1314, such as the charging document, are not contained in the record on appeal.

[2] Undesignated statutory references are to the Penal Code.

Pursuant to Proposition 47, the trial court reduced the conviction for possession of a controlled substance (case No. 14F1314) to a misdemeanor. The court noted, and the parties agreed, this reduction correspondingly reduced defendant's maximum exposure to seven years. At the sentencing hearing, the trial court also considered and denied defendant's *Romero* motion.[3] In case No. 13F7296, the trial court sentenced defendant to the upper term of three years, doubled to six due to the strike, plus an additional one year for the prior prison term enhancement. The trial court ordered defendant to pay a restitution fund fine of $280, and imposed and stayed a parole revocation fine of $280. The trial court also ordered defendant to pay a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $50 criminal laboratory fee (Health & Saf. Code, § 11372.5), plus penalty assessments. The trial court awarded defendant 233 days of presentence custody credit. In case No. 14F1314, the trial court commuted defendant's sentence to time served concurrent, and ordered defendant to pay a restitution fund fine of $150, imposed and stayed a parole revocation fine of $150, and a $50 criminal laboratory fee, plus penalty assessments. The trial court denied defendant's request for a certificate of probable cause.

## ANALYSIS

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requested this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


 RENNER            , J.


We concur:


 NICHOLSON        , Acting P. J.


 MAURO          , J.

4